**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Channon Smith, | ) | No. CV-11-1527-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Colorado Casualty Insurance Company, | ) | |
| Defendant. | ) | |

The court has before it plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c) (doc. 8), defendant's response (doc. 9), and plaintiff's reply (doc. 10).

Plaintiff filed this action in state court alleging bad faith and breach of contract against defendant Colorado Casualty Insurance Company related to an underinsured motorist claim. Plaintiff alleges that she was involved in an automobile collision with an underinsured driver. She settled with the at-fault driver's insurance company for the available policy limit of $15,000. But that did not fully compensate her for her injuries, medical expenses, and lost wages. Plaintiff then filed a claim for underinsured coverage with Colorado Casualty. She contends that Colorado Casualty breached the insurance contract and acted in bad faith when it unreasonably offered to settle her claim for $2,500, despite having valued her claim for more than the offered amount. Her complaint seeks an unspecified amount of compensatory damages, punitive damages, and attorney's fees.

Defendant removed the action asserting diversity of the parties and an amount in

controversy in excess of $75,000. Plaintiff now moves to remand, arguing that we lack subject matter jurisdiction because defendant cannot show that the amount in controversy exceeds the jurisdictional minimum.

A civil action may be removed to federal court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1441(a). Jurisdiction based on 28 U.S.C. § 1332 requires complete diversity and an amount in controversy that exceeds $75,000. Id. "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586, 590 (1938). Thus, we "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Where a plaintiff's state court complaint does not allege a specific amount of damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). The defendant must show that it is "more likely than not" that the amount in controversy exceeds $75,000. Id. For purposes of calculating the amount in controversy, we may consider possible compensatory damages, punitive damages, and attorney's fees, if such fees are authorized by contract or statute. Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (punitive damages); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney's fees).

If the amount in controversy is not apparent on face of the complaint, we may consider and weigh extrinsic evidence and resolve factual disputes. Singer v. State Farm Mut. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). Judicial admissions and demand letters are relevant to the amount in controversy inquiry. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).

Here, it is not facially evident from plaintiff's complaint that the amount in controversy exceeds $75,000. The complaint broadly seeks compensatory and punitive

damages, and attorney's fees. No specific amount is pled. Plaintiff asserts that the only determinable damages—her medical expenses—total $11,248.90. She received a settlement of $15,000 from the party at fault, presumably leaving few uncompensated compensatory damages.

In order to satisfy its burden of establishing that the amount in controversy exceeds $75,000, defendant argues that (1) plaintiff filed a certificate of compulsory arbitration in state court indicating that the value of the case exceeds $50,000; (2) plaintiff made a demand of $50,000 to settle the case; and (3) plaintiff rejected defendant's offer to remand the case in exchange for her agreement to limit her maximum recovery to $75,000.

This is insufficient to prove that it is more likely than not that the amount in controversy exceeds $75,000. Plaintiff's concession that the case value exceeds $50,000 is not evidence that it also exceeds $75,000. Defendant assumes that plaintiff's claim valuation contained in the compulsory arbitration certificate and the demand letter does not include attorney's fees and punitive damages, but there is no evidence to support this contention. Nor is there any evidence to show that punitive damages and attorney's fees will increase plaintiff's claim beyond $75,000. Defendant's assertion that punitive damages awards in bad faith cases are often a "significantly large amount of money," <u>Response</u> at 6, is not sufficient to establish the value of plaintiff's punitive damages claim. Defendant has not explained why the facts alleged in this case might warrant extraordinary punitive damages.

Finally, plaintiff's refusal to limit her claim to $75,000 is insufficient in itself to satisfy defendant's burden of proof. Defendant assumes that plaintiff would not stipulate to the remand because she "is in fact seeking more than $75,000 in damages." <u>Response</u> at 3. But it is equally likely that plaintiff refused to limit her possible recovery because she reasonably evaluated defendant's inability to satisfy its jurisdictional burden of proof.

"Where doubt regarding the right to removal exists, a case should be remanded to state court." <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003). Because defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, we grant plaintiff's motion to remand and

1 | remand the case to state court.
2 |     **IT IS ORDERED GRANTING** plaintiff's motion to remand (doc. 8).
3 |     **IT IS FURTHER ORDERED REMANDING** this case to the Superior Court of
4 | Arizona in Maricopa County.
5 |     DATED this 5th day of October, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge